```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
MULBAH ROBERTSON,                       :
                                        :
                  Plaintiff,            :       12 Civ. 3382 (DLC)
                                        :
     -v-                                :       MEMORANDUM OPINION
                                        :            & ORDER
THE CITY OF NEW YORK; DORA SCHRIRO,     :
COMMISSIONER OF N.Y.C.D.O.C.; EVELYN    :
MARIBAL, WARDEN, OTIS BANTUM            :
CORRECTIONAL CENTER,                    :
                                        :
                  Defendants.           :
----------------------------------------X
```

DENISE COTE, District Judge:

In an Order dated August 9, 2012, the Court dismissed plaintiff's complaint but granted the plaintiff leave to replead claims regarding access to medical care and denial of clean clothes. The Court received the plaintiff's amended complaint and the amended complaint was posted on the public docket on September 12, 2012.

Section 1915A of the Prison Litigation Reform Act "requires that a district court screen a civil complaint brought by a prisoner against a governmental entity or its agents and dismiss the complaint sua sponte if, among other things, the complaint is 'frivolous, malicious, or fails to state[] a claim upon which relief may be granted.'" Liner v. Goord, 196 F.3d 132, 134 (2d Cir. 1999).

When a pretrial detainee asserts a claim for deliberate indifference to a serious medical condition, he must meet the Eighth Amendment standard, which requires him to show that he "had a serious medical condition and that it was met with deliberate indifference." Caiozzo v. Koreman, 581 F.3d 63, 72 (2d Cir. 2009).  Deliberate indifference means that the defendant knew of and disregarded an excessive risk to the detainee's health and that he "was both aware of facts from which the inferences could be drawn that a substantial risk of serious harm existed, and also drew the inference."  Id. (citation omitted).  The plaintiff's amended complaint alleges that he "told the correctional Officers that [he was] heat sensitive," that the officers ignored him and that, as a result, he fainted.  The amended complaint also states that the plaintiff was "diagnosed by a physician as mandating treatment," was ignored by officials and, as a result, became depressed and suffered other unspecified injuries.  These statements fail to allege that the plaintiff had a serious medical condition or that the defendants disregarded an excessive risk to his health.

The plaintiff has not repleaded any claims with respect to the denial of clean clothes.  Because the plaintiff's amended complaint fails to state a claim it is dismissed pursuant to 28 U.S.C. § 1915(b)(1).  The Clerk of Court shall close the case.

Dated:    New York, New York
          October 2, 2012

                                    _____
                                         DENISE COTE
                                    United States District Judge

COPIES MAILED TO:

Mulbah Robertson
DIN# 12-R-2098
Gouverneur Correctional Facility Center
P.O. Box 480
Gouverneur, NY 13642-0370